UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH R. WIERCKZ,<br>　　　　　　　Plaintiff,<br><br>-v-<br><br>GREENSTATE CREDIT UNION,<br>　　　　　　　Defendant. | No. 1:25-cv-547<br><br>Honorable Paul L. Maloney |

### ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Joseph Wierckz sued Defendant Greenstate Credit Union. The amended complaint (ECF No. 10), pleads seven causes of action. In addition to damages, Plaintiff seeks an accounting, declaratory relief, and injunctive relief. Plaintiff proceeds without the assistance of counsel. Plaintiff filed a motion for a preliminary injunction (ECF No. 17). Defendant filed a motion for judgment as a matter of law or, alternatively, a motion for summary judgment (ECF No. 20). The Magistrate Judge treated the motion as one for summary judgment and issued a report recommending that the court grant Defendant's motion and deny Plaintiff's motion (ECF No. 39). Plaintiff filed objections (ECF No. 41). The court will adopt the report and recommendation.

A.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Generally, Plaintiff contends that the Magistrate Judge ignores or overlooks legal precedent. Plaintiff also generally contends that genuine issues of material fact exist that preclude summary judgment. The court disagrees.

### B.

The Magistrate Judge made the following findings of fact based on evidence in the record. Plaintiff does not specifically object to any of these facts. To the extent Plaintiff might object, he has not identified any part of the record that would establish a genuine dispute over the fact.

(1) Plaintiff obtained a loan to finance the purchase of a manufactured home. Defendant is the successor-in-interest to that loan. Defendant has a security interest in the home to secure repayment of the loan. Plaintiff has not made a payment on the loan since January 2025.

(2) Plaintiff obtained a loan to finance the purchase of a pickup truck. Defendant has a security interest on that loan to secure repayment on that loan. Plaintiff has not made a payment on the loan since February 2025.

(3) Plaintiff sent several documents to Defendant. Plaintiff sent documents to Defendant concerning a durable power of attorney. Plaintiff also sent proposed amendments to the contracts and two notices to claims of interest. Defendant did not specifically respond to those documents.

(4) After sending Plaintiff two repossession warnings, Defendant repossessed the pickup truck in May 2025.

C.

The Magistrate Judge also made conclusions of law. The Magistrate Judge explained why the various documents Plaintiff sent to Defendant relied on wholly specious legal theories that have been rejected by federal courts. Because each of Plaintiff's causes of action necessarily assume that the documents had some legal effect, each of the causes of action fails. In addition, the Magistrate Judge specifically addressed each of Plaintiff's causes of action and identified a legal or factual deficiency for each that entitled Defendant to summary judgment on that claim.

Plaintiff's objections do not specifically address the deficiencies identified in the R&R. Critically, Plaintiff has not identified any legal authority that would support the conclusion that the documents he sent to Defendant had any legal effect whatsoever on the terms of the loans. The court has carefully reviewed Plaintiff's objections to the portions of the R&R addressing Plaintiff's causes of action. Plaintiff's objections do not establish a genuine issue of material fact for any cause of action.

Accordingly, the court **ADOPTS** the report and recommendation (ECF No. 39). The court **GRANTS** Defendant's motion for summary judgment (ECF No. 20) and **DENIES** Plaintiff's motion for a preliminary injunction (ECF No. 17). **IT IS SO ORDERED.**

Date:  August 21, 2025                                         /s/ Paul L. Maloney
                                                                                    Paul L. Maloney
                                                                                    United States District Judge